UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA FIGUEROA,

                Plaintiffs,

vs.

                                  Case No.:

PANDA EXPRESS, INC., a Foreign Profit
Corporation,

                Defendant.

_____

## **NOTICE OF REMOVAL**

Defendant, PANDA EXPRESS, INC. ("PANDA EXPRESS" or "Defendant"), a foreign limited liability company, hereby gives notice of Removal of the above captioned action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Orlando Division, and respectfully represents as follows:

1. On or about February 3, 2025, Defendant's registered agent was served with the Summons and Complaint. The civil action entitled *Maria Figueroa v. Panda Express, Inc,* was commenced in the Circuit Court, Ninth Judicial Circuit, in and for Orange County, Florida, and assigned case number 2025-CA-000662-O.

2. This action was filed in the Orange County Circuit Court on January 28, 2025. In accordance with 28 U.S.C. § 1446(a) and Local Rule 4.02(b) of the

Local Rules of the United States District Court of the Middle District of Florida, a copy of all papers and pleadings on file with the state court, including a copy of the clerk's docket sheet are attached hereto as **Exhibit "A."**

3.  This action is properly removable pursuant to 28 U.S.C. §1441(b) and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b)(3) for receipt of an "other paper" which it has first been ascertained that the case is one which is removal.

I. **DIVERSITY OF CITIZENSHIP**

4.  There is complete diversity of citizenship between the parties to this cause.

5.  At the time of the filing of Plaintiff's Complaint, Plaintiff was a resident of the State of Florida. *See* Pl.'s Compl., ¶ 2. Even though not specifically alleged, Plaintiff is a citizen of and domiciled in the State of Florida. See Plaintiff's Voter's Registration, attached hereto as **Exhibit "B."**[1]

6.  Defendant Panda Express is a foreign profit corporation duly organized under the of the State of California and has its principal place of business in California. As such, its principal pace of business is in California. A

---

[1] "When determining where a party is domiciled, courts routinely look to evidence such as affidavits, deposition testimony, driver's licenses, voter registration, employment records, vehicle registrations, mortgage documents, and tax returns." Martinez v. Netflix, Inc., No. 1:20-cv-24328-WPD, 2023 U.S. Dist. LEXIS 116034, at *5 (S.D. Fla. July 6, 2023) (citing Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1249 (11th Cir. 2005)).

copy of Panda Express's 2024 Foreign Profit Corporation Annual Report is attached hereto as **Exhibit "C."** Pursuant to 28 U.S.C. § 1332(c), a foreign corporation is deemed to be a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." See also Riley v. Merrill Lynch, Pierce, Fenner and Smith, 292 F. 3d 1334, 1337-1338 (11th Cir. 2002). Accordingly, Defendant Panda Express is a citizen of California.

7. Thus, there is complete diversity between the parties as Plaintiff is a citizen of the State of Florida and Defendant Panda Express is a citizen of California.

## II. AMOUNT IN CONTROVERSY

8. This is a purported negligence and breach of implied warranty action brought by Plaintiff against Defendant. As is expressly referenced in the Complaint, Plaintiff seeks damages in excess of $50,000.00. See Pl.'s Compl., ¶ 1.

9. Further, Plaintiff alleges she contracted salmonella from eating at Defendant's restaurant due to the alleged negligence of Defendant. Accordingly, Plaintiff alleges she suffered damages including, without limitation:

    a. Injuries to her body;
    b. Pain and suffering;
    c. Mental anguish;
    d. Loss of capacity for the enjoyment of life;

  e. Medical care, treatment, and related expenses;

  f. Permanent injury

See Pl.'s Compl., ¶ 14;19. Plaintiff also contends that her losses are permanent or continuing and that Plaintiff will suffer losses in the future. Id.

  10. In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Gillinov v. Hillstone Restaurant Group, Inc., 92 F. Supp. 3d 1251, 1253-1254 (S.D. Fla. 2015). The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." Pretka v. Kolter City Plaza, II, Inc., 608 F. 3d 744, 755 (11th Cir. 2010). In addition, her claimed need for ongoing medical treatment can be taken into account when determining the amount in controversy. See La Rocca v. Stahlheber, 676 F.Supp.2d 1347 at 1350 (S.D. Fla. 2009).

  11. "Estimating the amount of controversy is not nuclear science; it does not demand decimal-point precision." S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1317 (11th Cir. 2014). The defendant's burden does not require that the defendant "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th

Cir. 2010). Rather, the defendant need only prove that the actual damages will "more likely than not" exceed the minimum jurisdictional amount. In weighing the evidence, courts may rely on their "judicial experience and common sense" that a claim satisfies the amount-in-controversy requirements. Roe, 613 F.3d at 1064. see also Henderson v. Dollar Gen. Corp., No. 07-0799-CG-M, 2009 U.S. Dist. LEXIS 29903, 2009 WL 959560, at *4 (S.D. Ala. Apr. 7, 2009) (finding the amount in controversy satisfied where plaintiff's quantified damages meant that the "defendant need[ed] only make up a difference of less than $10,000 in controversy to keep this case in federal court" and "'a fair and impartial mind' would clearly find that years of pain in addition to the other elements of damage that the plaintiffs claim[ed] add[ed] up to a dispute of at least that amount."); Katz v. J.C. Penney Corp., No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, 2009 WL 1532129, at *6 (S.D. Fla. June 1, 2009) (denying a Motion for Remand and finding that the amount in controversy had been met when the plaintiff had $58,995.78 in past medical expenses coupled with a claim for future medical expenses and pain and suffering).

12.     Communication with Plaintiff's counsel and the medical bills received to date indicate that Plaintiff is claiming she contracted salmonella and suffers from salmonella enteritis. Plaintiff has had several hospital visits, doctors visits and undergone an upper GI endoscopy. In the six months after the accident, Plaintiff

incurred over $59,407.33 in past medical bills for her treatment for these alleged injuries. See Rawlings Lien, attached hereto as **Exhibit "D."** Additionally, in Plaintiff's complaint she alleges that the negligence of Defendant "cause significant and ongoing illness and disease." *See* Pl.'s Compl., ¶ 17.

13.     Thus, when considering Plaintiff's past medical expenses and claim for future medical expenses and pain and suffering, it is Plaintiff's claim exceeds the jurisdictional threshold set forth in 28 U.S.C. 1332(a) of $75,000.00, exclusive of interest and costs.

### III.     DIVERSITY JURISDICTION

14.     Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. §1332. As such, this removal action is proper.

15.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action was promptly served on Plaintiff's counsel, and a Notice of Filing of Removal will be filed with the Clerk of the Ninth Judicial Circuit, in and for Orange County, Florida.

16.     Defendant has served the instant Notice of Removal on Plaintiff's counsel on March 4, 2025. Defendant has also timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Ninth Judicial Circuit.

17.  Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

**WHEREFORE**, Defendant respectfully requests that this action now pending in the Ninth Judicial Circuit in and for Orange County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated:  March 4, 2025.

/s/ Alison H. Sausaman_____
Alison H. Sausaman
Florida Bar No. 112552
Dara M. Reed
Florida Bar No. 123957
CARR ALLISON
Truist Tower
200 West Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:   (904) 328-6473
Email:  asausaman@carrallison.com
Email:  dreed@carrallison.com
Secondary Email: dwhite@carrallison.com
Secondary Email:  jshort@carrallison.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system,

which will provide notice of electronic filing and a copy of the foregoing to the following:

> Eric Deming
> MORGAN & MORGAN
> 20 N. Orange Avenue, 4th Floor
> Orlando, Florida 32801
> Telephone: (407) 420-6921
> Facsimile: (407) 245-3357
> Primary Email: ewd-pleadings@forthepeople.com
> Secondary Email:
> jmcarthy@forthepeople.com
> snmartin@forthepeople.com
> *Attorneys for Plaintiff*

/s/ Alison H. Sausaman
Alison H. Sausaman
Dara M. Reed
*Attorneys for Defendants*